CHASE and BILL *vs.* ASA BOWEN.

WASHINGTON, *March*, 1835.

A return of a levy on an execution on land, according to the form given in Chipman's Reports, held valid to pass the land from the debtor to the creditor.

This was an action of debt on judgment, to which, among other things, the defendant pleaded in bar two pleas; that the plaintiffs had caused the defendant's real estate to be set off in full discharge of said execution, and in one of which pleas said return is set out, and in the other, the plaintiff prayed *oyer* of the officer's return on the execution and set out the same, and then demurred to both pleas. The defendant joined in demurrer. The court overruled the demurrer and decided both pleas sufficient, and rendered judgment for the defendant; to which decision the plaintiff excepted.

The return of the officer was as follows:

"*At Orange, April* 6, 1830.—Know all men by these presents, that I, Nathan Foster, constable of Orange, by virtue of the within writ of execution to me directed, having first made demand of goods or chattels to satisfy the same with my fees, and none being shown unto me or found within my precinct, by direction of L. H. Chase, agent for the plaintiffs, did at Orange in said county, on the 6th day of April, 1830, levy the same writ of execution on a certain tract or parcel of land, as the property of the within named Asa Bowen, situate, lying and being in said Orange aforesaid, described as follows—it being four-fifths of the 3d division of Asa Babbit—it being the 15th lot and 12th range, to be taken in regular form with the lines of said lot from the east part of said lot, beginning at the north-east corner; thence on the line of said lot to the south-east corner; thence on the south line of said lot 128 rods; thence north, parallel with the east line, to the north line of said lot; and on the same day and year last aforesaid, caused the same land to be appraised by Reuben White, Moses Sargent, and Asa Dunbar, *good and lawful* freeholders of the vicinity, chosen, appointed and sworn as the law directs, that is to say, Chase, Bill and Co. the plaintiffs, and Asa Bowen the defendant, both neglecting to agree upon the appraisers, I applied to Thaddeus Clapp, Esq. justice of the peace within and for the county of Orange, who by law may judge between the parties, who appointed *Reuben White, Moses Sargent,* and *Asa Dunbar, good and lawful* freeholders of this vicinity, who after being sworn by me as the law directs, appraised the above described land at the sum of $81, 13, in full satisfaction of the within execution and the legal cost thereon arising, as stated in the bill hereunto annexed, and on the 24th day of April I caused the within execution, with my return hereon, to be recorded in the town clerk's office of the town of Orange aforesaid, and also on the same day last aforesaid I return-

WASHINGTON, ed this execution to the office of the justice from which it issued,
March, and caused the same to be there recorded.
1835.

Chase and Bill        In witness whereof I have hereunto subscribed my hand and
vs.        seal this 24th day of April, 1830.
Bowen

NATHAN FOSTER, Constable."

*Smith and Peck for plaintiffs.*—1. The levy in this case is
void, it not appearing from the officer's return that the appraisers
were *disinterested*, or that they resided in the Gore where the
land is located.—*White* vs. *Burnham et al.* decided in Orange
county, March term, 1833. The officer having undertaken to de-
signate the manner in which the appraisers were appointed, was
bound to show that all the requisitions of the statute were com-
plied with in their selection.

2. The officer does not state in his return that he set off the
land in discharge of the execution. For this reason the levy is
defective.

3. If the levy is *void*, this action is well brought.

*Upham for defendant.*—The only question in this case arises
upon the validity of the levy pleaded in bar to the plaintiff's ac-
tion.

If there be an inherent defect in this levy, so that no title to the
lands levied upon has passed to the judgment creditors, this action
we suppose, according to the doctrine of this court in *White* vs.
*Fox et al.* decided in Orange county in 1834, can be maintained.

But we insist that there is no defect in this levy, and that the
title to the land therein described passed to the judgment creditors
by virtue of the levy.—Stat. 310, sec. 3 and 4. N. Chipman's
Reports, 264. *Dodge, administrator,* vs. *Pierce et al.* 4 Vt.
Rep. 191.

The objection urged against the validity of the levy is, that the
officer has not said in his return, in the words of the statute, that
the appraisers were "judicious and disinterested freeholders." It
is true, the words of the statute are not introduced into the return;
but the officer adopted a generality of expression which necessarily
included all the requisites of the statute. The return says the ap-
praisers were chosen, appointed and sworn as the law directs.
This is the form of expression adopted by Mr. Chipman, and the
case of *Dodge* vs. *Prince,* 4 Vt. Rep. 191, shows such a return
to be good and sufficient to pass the title of the lands levied upon
to the judgment creditor.

ORANGE,
March,
1835.

Chase and Bill
vs.
Bowen.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question involved in this case is, as to the legality of the levy of an execution. The levy is an apparent satisfaction, and in order to maintain this action, it must be shown that it was wholly void. In the case of *White* vs. *Fox* in Orange county, the plaintiff had been evicted and the levy adjudged void. It is to be regretted that it was ever permitted to question these levies collaterally, and I have had occasion heretofore to remark, that the strictness which has been required in them, and the manner in which they have been criticised is a departure from principles adopted in similar cases. Returns on executions, according to the English practice, are made in very general words, and all that is required by our statute is, that the execution and return should be recorded. I do not see why a return in a very general form should not have been adjudged valid to pass the land, until the return was set aside by the court to whom it is to be made. A different rule, however, has prevailed on this subject. The form which was early made, and is to be found in Judge Chipman's reports, has been adjudged to be good. The officer in the case under consideration evidently had reference to that form and has followed it. In some instances he has stated his doings particularly, where the same thing is expressed more generally in that form. The qualification and character of the appraisers, as well as the manner of their being appointed, are stated in the form mentioned by the words, " good and lawful freeholders, chosen, appointed and sworn, as the law directs." The statute (and a similar statute was in force when that form was adopted) requires that the appraisers should be judicious and disinterested freeholders of the vicinity, in the town, &c. This is not stated in this return, unless it is implied in the terms *good and lawful.* It was undoubtedly considered by the one who made the form, that it was so implied. As this levy is in that form, and where the officer attempts to state his proceedings more particularly, it does not appear that the statute has been departed from, as that form has been sanctioned by repeated judicial decisions, we are disposed again to decide that the return was good and effectual to pass the land from the debtor to the creditor, and was a satisfaction of the execution and judgment of the plaintiff.

The judgment of the county court is therefore affirmed.